On Application for Rehearing

PER CURIAM.
Although the application for rehearing filed by A & A Drywall Supply Company, Inc., and Chadwick E. Anderson does not persuade us that on original consideration of this appeal we overlooked or misapprehended any points of law or facts, see Rule 40(b), Ala. R.App. P., we wish to address one point raised in their application. A & A and Anderson take exception to this Court’s noting, in stating the procedural history of the case in its opinion on original submission, that “[t]he defendants then appealed to this Court; the case was referred to appellate mediation, which was ineffective.” Southland Bank v. A & A Drywall Supply Co., 21 So.Bd 1196, 1202 (Ala.2008) (emphasis added). Citing Rule 8, Ala. R.App. Med., A & A and Anderson argue that the facts that the case was referred to mediation and that the mediation was unsuccessful are confidential, and that the mediation program “is supposed to be completely separate from the Court and Clerk’s offices.” A & A and Anderson further argue that because the Court was *1221 aware that the case went to mediation, the Court must have been “aware of confidential facts regarding the parties’ appellate mediation” and that the Court gained this information “through personal knowledge.” Thus, A & A and Anderson request that the members of this Court recuse themselves from this case and that a special court be appointed to hear this appeal de novo.
Rule 8, Ala. R.App. Med., states, in part:
“Except as otherwise required by law, the appellate mediation program operates under the rules of confidentiality as provided below.
“All information disclosed in the course of screening for mediation, referral to mediation, and mediation ... shall be deemed confidential and shall not be divulged by anyone involved in the mediation program or in attendance at the mediation except as permitted under this Rule, by statute, or by the Alabama Rules of Appellate Procedure.
“There shall be no reference, whatsoever, in any appellate motions, briefs, or argument to the appellate mediation program or to the fact that the appeal was mediated or that mediation reached an impasse except in those cases where mediation was partially successful and disclosure is necessary for a complete statement of the case. It is the responsibility of the counsel to bring this exception to the rules to the attention of the clerk’s office or the mediation office. Failure to do so may result in a waiver of this exception.
[[Image here]]
“The phrase, ‘information disclosed in the course of screening for mediation, referral to mediation, and mediation,’ as used in this Rule, shall include, but not be limited to: (1) views expressed or suggestions made by another party with respect to a possible settlement of the dispute; (2) admissions made by another party in the course of the mediation proceedings; (3) proposals made or views expressed by the mediator; (4) the fact that another party had or had not indicated a willingness to accept a proposal for settlement made by the mediator; and (5) all records, reports, or other documents received by a mediator while serving as mediator.”
Thus, Rule 8 provides for the confidentiality of certain aspects of mediation and the mediation process. With the exception of “those cases where mediation was partially successful and disclosure is necessary for a complete statement of the case,” Rule 8 prohibits the parties from referencing in their materials filed in this Court whether the appeal was referred to mediation and the outcome of the mediation. Rule 8 does not, however, prohibit the members of this Court from knowing merely whether a case was referred to appellate mediation and subsequently reinstated on the appellate docket. In describing the confidentiality of appellate mediation, Rule 55(d), Ala. R.App. P., states: “[T]he bare fact that a settlement has or has not been reached as a result of mediation shall not be considered confidential.” Consistent with this provision of Rule 55(d), Ala. RApp. P., as to cases referred to appellate mediation, this Court’s records indicate that a case has been returned from the mediation docket and that the appellate time standards resumed upon the reinstatement of the case on the appellate docket. See Rule 6(a), Ala. R.App. Med. Additionally, this Court may order a case to appellate mediation after it has been submitted for review. Rule 3(c), Ala. R.App. Med.; Rule 55(a), App. RApp. P.
Concern over the lapse of time between the filing of the notice of appeal and the release of an opinion in this appeal moti *1222 vated the explanatory statement in the original opinion that “the case was referred to appellate mediation, which was ineffective.” Other than having knowledge that the case was referred to mediation and then reinstated on the appellate docket after mediation was apparently unsuccessful, no member of this Court had access to any confidential information concerning the mediation, such as who took what position, what settlement offers, if any, were made, or who was responsible for the mediation not resulting in a settlement.
This Court is mindful of the necessity for information concerning mediation to remain confidential. Members of the Court, as a matter of internal procedure, do not have any access whatsoever to any information regarding the mediation of a particular case other than whether the case was referred to appellate mediation and whether it was subsequently reinstated on the appellate docket.
APPLICATION OVERRULED.
COBB, C.J., and LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.